IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAILEY ZIENCIK, KELLY ZIENCIK and PASCALE WASSON, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 21-49 ) |
| v. | ) Judge Cathy Bissoon ) |
| SNAP, INC. d/b/a SNAPCHAT, | ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court are three motions: Plaintiffs' Bailey Ziencik, Kelly Ziencik and Pascale Wasson ("Plaintiffs") Motion to Remand to State Court ("Pl. Mt. Remand," Doc. 8); Defendant Snap, Inc. d/b/a Snapchat's ("Defendant") Motion to Transfer Pursuant to 28 U.S.C. §1631 and 28 U.S.C. §1404(a) ("Def. Mt. Transfer," Doc. 10); and Defendant's Motion for Leave to File a Reply in Support of Motion to Transfer (Doc. 19). For the following reasons, the Court will deny the Motion to Remand, grant the Motion to Transfer and deny the Motion for Leave to File a Reply.

### I.   MEMORANDUM

On January 11, 2021, Defendant filed its Notice of Removal (Doc. 1), attaching Plaintiffs' Complaint (Doc. 1-3) in the Court of Common Pleas of Allegheny County, which alleged sixteen counts against Defendant based on various theories, including strict products liability, negligence and infliction of emotional distress, among others. According to Defendant, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, excluding interest and costs. Id. at ¶6. Although the Notice of

Removal referred to a "true and correct copy of the receipt of service" served on December 14, 2020, no such receipt was attached.[1]  Id. at ¶6, see Ex. B at Doc. 1-3.  Plaintiffs filed their Motion to Remand and Brief in Support on January 22, 2021.  Defendant filed its Motion to Transfer and Brief in Support ("Def. Brief ISO Transfer," Doc. 11) on January 25, 2021.  Defendant filed an Amended Notice of Removal (Doc. 13) on February 2, noting that Plaintiffs maintained that Defendant was served on December 11, 2020, and attaching a copy of the Proof of Service previously filed by Plaintiffs.  Doc. 13 at ¶3 and Exhibit B, Doc. 13-2, at pgs. 2-4.  The Court shall address each motion in turn.

**A.  Motion to Remand**

Plaintiffs argue that this case should be remanded because of the following: 1) Defendant's Notice of Removal was untimely; 2) Defendant's Notice of Removal was deficient; 3) Defendant purposefully and deliberately availed itself to personal jurisdiction; 4) Defendant has failed to meet its burden of proving that the case can be removed; and 5) Defendant has not demonstrated any other statutory reason for removal.

    a.    The Timeliness of Defendant's Notice of Removal

Although Defendant's initial Notice of Removal stated that the date of service was December 14, 2020, its Amended Notice of Removal note December 11, 2020 as the date of service, which comports with Plaintiffs' allegations.  *Compare* Notice of Removal ¶3 *with* Amended Notice of Removal ¶3 and Plaintiffs' Motion to Remand ¶2.  While Plaintiffs are correct that 30 days from December 11, 2020, would have been Sunday, January 10, 2021, a simple examination of the Federal Rules of Civil Procedure would have informed Plaintiffs that the period of timeliness to file would "run until the end of the next day that is not a Saturday,

---

[1] The Court will address the discrepancy in service dates and the lack of copy as relevant below.

2

Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(a)(1)(C). Thus, Defendant's filing on January 11, 2021, is timely regardless of whether the date of service was December 14, 2020, or December 11, 2020.

      b.      Deficiencies Regarding Defendant's Notice of Removal

Second, Plaintiffs argue that this case should be remanded because Defendant failed to file all necessary documents for removal under 28 U.S.C. § 1446(A). Pl. Mt. for Remand ¶18-21. However, the Court notes that Plaintiffs' Motion to Remand precedes Defendant's Amended Notice of Removal, which cures the structural deficiencies argued by Plaintiffs regarding timeliness and required exhibits. Additionally, the Court is puzzled as to why Plaintiffs felt a need to file an "Opposition" to this Amended Notice, which, as Defendants correctly note, not only fails to provide grounds to remand, but also is at odds with how district courts in this circuit address amended notices of removal. *See*, *e.g.*, Pivtchev v. State Farm, No. 3:19cv150, 2019 WL 2743843, at *2 (M.D. Pa. July 1, 2019) (refusing to remand based on a notice of removal without a return of service of process form which was attached to an amended notice).

Plaintiffs have failed to provide any reason as to why court approval was required before filing the Amended Notice, and the other arguments in their Opposition to Defendant's Amended Notice of Removal either rehash arguments already made in their Motion to Remand or otherwise are irrelevant as to whether Defendant was permitted to file its Amended Notice of Removal. Nonetheless, the Court agrees with other courts in the Third Circuit that failing to attach an exhibit is a *de minimus* procedural defect, and since it was later remedied, this omission does not affect Defendant's ability to remove or provide additional grounds for remand. *See* Efford v. Milam, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005), *abrogated on other grounds by* Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d. Cir. 2005) (holding that "[t]he failure to file

3

exhibits is not a jurisdictional defect" and "[o]missions which are merely formal or modal do not affect the right to remove and may be subsequently remedied").

Further, Defendant also contends that the reason why no copy of the receipt of service was attached to the initial Notice of Removal was because "Plaintiffs had not served a copy of any proof of service document reflecting the date or manner by which Plaintiff purportedly served original process on [Defendant] in the state court action" until January 22, 2021 (via electronic service), well after Defendant's deadline to file its notice of removal. Def. Opp. Dec. ¶¶3-4. As Defendant has cured any defects regarding its original Notice of Removal, there is no basis for remand or opposing its Amended Notice.

   c. <u>Personal Jurisdiction</u>

The Court is unclear as to why Plaintiffs make a personal jurisdiction argument in their motion to remand, as such arguments are irrelevant as to whether Defendant properly removed the case. The Court will address this further in its discussion on Defendant's Motion to Transfer.

   d. <u>Defendant's Burden on Proving Removability</u>

Plaintiffs also argue that Defendant has failed to demonstrate that this case may be removed, contending that there is no basis for federal question jurisdiction or diversity jurisdiction. Defendant does not appear to contest the former but filed for removal based on the latter. While Plaintiffs do not contest that the parties are diverse, they claim that the amount in controversy does not exceed $75,000, and that Defendant has failed to "demonstrate by a preponderance of the evidence that the amount in controversy is satisfied." Pl. Mt. Remand ¶¶33-37. Specifically, Plaintiffs argue that on its face, the state court complaint "clearly alleges an amount in controversy less than $75,000 in good faith, including consideration of non-monetary relief" although they also state that they "do not dispute, nor waive that damages

claimed may ultimately exceed the $75,000…as a jurisdictional requirement, the Defendant must offer proof by a preponderance of the evidence, which the Defendant Snapchat has not provided." Id. at ¶35.

In response, Defendant argues that a "preponderance of the evidence" standard is incorrect at this stage of the proceeding, and that the Court should proceed under a "legal certainty" standard—that is, since Plaintiffs did not expressly limit its amount in controversy as less than $75,000, the Court should find that the amount-in-controversy is met unless it "appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Defendant maintains that, as Plaintiffs do not advance a factual challenge to its argument that the amount in controversy exceeds the threshold diversity requirement, this is the correct standard, because the Court should only apply a "preponderance of the evidence" standard after Plaintiffs provided counterevidence or reasons why Defendant's calculations are wrong. In the alternative, Defendant argues that even if the Court applies a "preponderance of the evidence" standard, Defendant has provided sufficient proof to show a "reasonable probability that jurisdiction exists." Def. Opp. Brief at 10, citing Thach v. State Farm Fire & Cas. Co., No. 19-5050, 2020 WL 3892964, at *2 (E.D. Pa. July 10, 2020).

The Court agrees with Defendant that the correct standard as to its initial discussion regarding the amount-in-controversy for its Notice of Removal is the "legal certainty" standard, and agrees with Defendant that as Plaintiffs did not expressly limit its claims to under $75,000 that Defendant met this standard in its Notice of Removal. The Court does find, however, that since Plaintiffs have contested Defendant's claim, the Court must indeed find by the preponderance of the evidence that the amount in controversy exceeds $75,000. *See* Dart Cherokee Basin Operation Co., LLC v. Owens, 574 U.S. 81, 88 (2014) ("[T]he defendant's

amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court…" but "[i]f the plaintiff contests the defendant's allegation...the district court [must find] by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.") (internal quotations and citations omitted).

It seems to the Court that Plaintiffs are clearly contesting Defendant's representation as they argue that the this case "does not comply with…amount in controversy requirements, as required, for diversity jurisdiction," and that the Complaint "clearly alleges an amount in controversy less than $75,000 in good faith."  Pl. Mt. Remand ¶¶ 31, 35.  Nonetheless, none of Plaintiffs' filings provide any factual findings for the Court to weigh against Defendant's representations.

In this case, after considering potential compensatory or punitive damages and attorney's fees, the Court agrees with Defendant that it has provided enough evidence to demonstrate "a reasonable probability that jurisdiction exists." Thach, 2020 WL 3892964 at *2 (internal quotations and citations omitted).  Defendant has noted that Plaintiff's pursuit of treble damages under the Unfair Trade Practices and Consumer Protection Law alone would suffice, let alone Plaintiffs' numerous other allegations.  Def. Opp. Brief at pgs. 12-13.  The Court agrees.  As Plaintiffs did not provide any factual or substantive evidence to the contrary, the Court finds that Defendant has demonstrated that the amount in controversy requirement has been satisfied.

   e.  Other Statutory Reasons for Removal

While Plaintiffs contend that no other specific statutory basis for removal exists, the Court need not address this as it finds that this case was properly removed based on diversity jurisdiction.

**B. Motion to Transfer**

Defendant argues that this Court does not have personal jurisdiction over it and that Plaintiffs are bound by a forum-selection clause, requesting that the Court transfer this case to the District Court for the Central District of California under 28 U.S.C. § 1631 for lack of personal jurisdiction, or alternatively, under 28 U.S.C. § 1404(a), pursuant to its forum-selection clause.

   a.  Lack of Personal Jurisdiction

Defendant claims that it is not subject to either general or specific jurisdiction in Pennsylvania.  Plaintiffs do not appear to contend that Defendant is subject to general jurisdiction, but rather attempt to argue that Defendant's conduct creates facts that support specific jurisdiction in this case.  Defendant, however, contends that Plaintiffs have failed to demonstrate the first threshold requirement that Defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state."  Ford Motor Company v. Montana Eighth Judicial District Court, 141 S. Ct. 1017, 1024 (2021) (internal quotations and citations omitted).

Defendant does not have officers or a registered agent in Pennsylvania and is headquartered in California.  Def. Brief ISO Transfer at pg. 5.  Nor does Defendant target Pennsylvania residents in any advertisements or market any product specifically in Pennsylvania.  Id. at pgs. 5-6.  The only contacts between Defendant and Plaintiffs were, as Defendant states,

initiated by Plaintiffs.  Id. at pg. 6.  Plaintiffs' contention that Defendant "voluntarily and consciously chooses to do business in PA" because it does not geofence its software is similarly unpersuasive.  Pl. Opp. Transfer ¶22.  Plaintiffs provide no evidence that Defendant does more than exist as an application that people can download while located in Pennsylvania. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003) (holding that "mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world.").

Nor does the Court find persuasive Plaintiffs' argument that Defendant committed an intentional tort that would subject it to specific personal jurisdiction.  See  Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007) (holding that a plaintiff may demonstrate personal jurisdiction if she demonstrates that "1) The defendant committed an intentional tort; 2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; 3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.").  Plaintiffs appear to argue that Defendant's product has a design defect, which purportedly enabled Defendant to "ignore notice of law enforcement" and "alerts perpetrators of law enforcement investigations."  Pl. Opp. Transfer ¶29.  However, Plaintiffs' argument plainly fails on the third prong: Defendant did not expressly aim its tortious conduct at the forum state.  In fact, this failure is based on Plaintiffs' very pleadings—as one Plaintiff is from Massachusetts, this clearly demonstrates that Defendant's conduct is unrelated to the forum state.  Plaintiffs could have been, and indeed are, from multiple states.  Defendant's alleged tortious conduct was conducted in both Massachusetts and Pennsylvania and could have occurred in any state. See, e.g. Complaint ¶¶ 53-81.

Finally, the Court does not see how Plaintiffs' argument that Defendant waived its ability to raise a personal jurisdiction argument because it filed such objections within a Motion to Transfer rather than a Motion to Dismiss has any grounding under the law, or any relevance to the instant motion.  Throughout its briefing, Defendant notes that the reason why it filed a Motion to Transfer instead of a Motion to Dismiss for the purposes of judicial economy and also to benefit Plaintiffs from having to pay another filing fee and adding concerns of the statute of limitations.  Def. Brief ISO Transfer at pgs. 10-11.  If Plaintiffs are contesting that Defendant cannot now file an additional Motion to Dismiss in this Court on the grounds of lack of personal jurisdiction, such an argument again has no bearing on whether personal jurisdiction exists for the purpose of transferring under 28 U.S.C. § 1631.

      b.  <u>Forum Selection</u>

As the Court has found that it lacks personal jurisdiction over Defendant, it need not address the arguments regarding the forum selection clause.

**C. Motion for Leave to File Reply and Notice of Supplemental Authority**

Consistent with the undersigned's Policies & Procedures, this Motion is denied as the Court has sufficient authority based on the parties' initial briefing to inform its decision.  As for Defendant's Notice of Supplemental Authority (Doc. 20), Plaintiffs are correct that much of the law that the Fourth Circuit applies is nonbinding on this Court, and the Court notes that none of its analysis relies on that case.

**II.    ORDER**

Consistent with the foregoing, Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.  Defendant's Motion to File a Reply (Doc. 19) is **DENIED**.  Defendant's Motion to Transfer (Doc. 10) is **GRANTED**.  This action is transferred forthwith to the United States District Court

9

for the Central District of California. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the Central District of California.

    IT IS SO ORDERED.


September 8, 2021                                               s\Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record